ROBERT C. ELLIOTT, AN INFANT BY HIS GUARDIAN *AD LITEM*, RUTH I. ELLIOTT, AND RUTH I. ELLIOTT, INDIVIDUALLY, PLAINTIFFS-APPELLANTS, v. DOMINIC DITURSI, ALICE DITURSI, AND WINDSOR WAX COMPANY, INC., DEFENDANTS, AND PETER GALLAGHER AND HERTZ CORPORATION, DEFENDANTS-RESPONDENTS.

Superior Court of New Jersey
Appellate Division

Argued May 25, 1971—Decided July 19, 1971.

Before Judges LEWIS, MATTHEWS and MINTZ.

Mr. *Alfred G. Osterweil* argued the cause for appellants (*Messrs. Schreiber and Osterweil,* attorneys; Mr. *Robert S. Schulman,* on the brief).

Mr. *Gerald W. Conway* argued the cause for respondents (*Messrs. Schreiber and Lancaster,* attorneys).

The opinion of the court was delivered by
MATTHEWS, J. A. D. The issue raised in this appeal is whether the granting of the motion by defendants Peter Gallagher (Gallagher) and Hertz Corporation (Hertz) for judgment *n. o. v.* constituted reversible error.

The facts are uncomplicated. Infant plaintiff, eight years of age, was visiting his grandmother who lived on the east side of Newkirk Avenue, North Bergen, Hudson County. Newkirk Avenue is a narrow thoroughfare on which parking on the east side is prohibited. A truck operated by Gallagher, owned by Hertz and leased to defendant Windsor Wax Company, Inc. (Windsor), was parked on the east side of Newkirk Avenue some 66 feet from its intersection with 61st Street. The truck, according to the testimony ·of

an investigating police officer, was parked half on the sidewalk and half on the street (slanted) in a "no parking" zone.

At about 1 P.M. on the date in question, infant plaintiff finished his lunch and decided that he would go to see some puppies at the house across the street from his grandmother's. He testified that he left via the back door of the house. He then walked down the alley that was between his grandmother's house and the house next door. When he reached the street, there was a large Hertz rental truck parked to his left. The rear of the truck was nearest to him. In attempting to look for oncoming traffic, he extended his right foot about one to one and one-half feet from in back of the truck into the street. About "one second" later, a vehicle operated by defendant Dominic Ditursi (Dominic), owned by Alice Ditursi (Alice), ran over his extended foot. The child never saw the oncoming vehicle, nor did Dominic see him.

The trial judge dismissed the complaint against Windsor, and the jury brought in a verdict of no cause of action as to the Ditursis, and a verdict in favor of plaintiffs in the amounts of $2,500 and $119.50, respectively, against Gallagher and Hertz. Gallagher and Hertz thereafter moved for judgment *n. o. v.* which was granted.

Defendants Gallagher and Hertz argue that it was immaterial whether their vehicle was legally or illegally parked on the street since it was not an operating efficient or proximate cause of the accident. They rely heavily on *Powers v. Standard Oil Co.,* 98 *N. J. L.* 730 (Sup. Ct. 1923), aff'd 98 *N. J. L.* 893 (E. & A. 1923), as did the trial judge in ruling on the motion for judgment *n. o. v.*

In *Powers* defendant parked its truck on the wrong side of the road and plaintiff-decedent ran out into the street from behind it and was killed. Parking was permitted and the only illegality of the defendant was that his truck was facing the wrong way. The former Supreme Court found that even if the position of the truck had been reversed and it was legally parked, the same difficulty of an obstructed vision would have been presented. Hence, we read *Powers* to hold that the acci-

dent would have occurred regardless of which way defendant's truck was facing. We believe that the trial judge's reliance on *Powers,* under the circumstances presented here, was misplaced.

In *Beyer v. White,* 22 *N. J. Super.* 137, 142–143 (App. Div. 1952), this court, in referring to *Powers,* observed that the former Supreme Court in its opinion did not hold that an immobile truck could never be capable of perpetrating harm or damage. In *Beyer* defendant had parked his tractor-trailer along the side of a highway on a dark night and did not set out flares as required by *N. J. S. A.* 39:3–64. Plaintiff-decedent was unable to see the parked truck and struck it from the rear. This court found that defendant's failure to obey the law raised a jury question as to his negligence.

In *Lutz v. Westwood Transportation Co.,* 31 *N. J. Super.* 285 (App. Div. 1954), plaintiff was a passenger on a bus which had stopped at a corner to pick up passengers. The evidence showed the bus came to a halt two feet from the curb in violation of *N. J. S. A.* 39:4–135, which requires such vehicles to stop within six inches of the curb. The bus on which plaintiff was riding was thereafter struck by another bus on the right rear corner while parked. This court affirmed the dismissal of the claim of negligence against the bus in which plaintiff was riding. Relying on *Powers,* the court treated the parked bus as a mere existing condition and not a moving cause of the accident. Clearly, had the bus moved over 18 inches nearer the curb, in compliance with *N. J. S. A.* 39:4–135, it still would have been struck.

Finally, in *Boody v. Good Bros.,* 31 *N. J. Super.* 439 (App. Div. 1954), defendant's truck was parked on the wrong side of a street near an intersection. Plaintiff, a five year-old infant, crossed the street behind the truck and was struck by an oncoming vehicle. His view of oncoming traffic was blocked out by defendant's truck. In an opinion for this court reversing the trial judge's dismissal of plaintiffs' cases at their close, Justice (then Judge) Proctor wrote:

The fact that the truck was parked on the street facing the wrong direction is of no significance. *Powers v. Standard Oil*, 98 *N. J. L.* 730 (Sup. Ct. 1922). However, a jury could find that the truck, parked as it was so near to the curb line of Pearl Street, obstructed the view of pedestrians of the approach of passing vehicles on Ninth Street and also prevented the drivers of such vehicles from observing pedestrians on the crosswalk. * * * It could find that if the truck had not obstructed the views of Wilson and the infant plaintiff or the view of either of them, the boy would not have been struck by the Wilson automobile and that the parking of the truck in the manner described was a contributing element in causing the infant plaintiff's injuries; that the parking of the truck created a dangerous situation which its owner could have anticipated might cause injuries to pedestrians at the intersection. * * * [at 442]

We find the reasoning in *Boody* persuasive. If, under the facts of this case, the infant plaintiff had been struck head-on in the middle of the street by the Ditursi car, then perhaps defendant's immobile truck could have been regarded as a mere existing condition which plaintiff would be obligated to take into account when crossing the street. See *Powers,* above, and *Lutz,* above. Under the facts as established, however, it is clear that the negligent act of unlawfully parking the Hertz truck contributed to the happening of the event complained of. Thus, the jury could easily have found that since parking was not permitted on the east side of the street, plaintiff should have been able to ascertain whether cars were approaching while he was standing on the curb, and, because defendant's truck was illegally parked as it was, partially on the sidewalk, plaintiff's view was blocked and he was forced to walk into the street to see if traffic was approaching. Finally, plaintiff was struck *in the act of ascertaining* if an oncoming vehicle was approaching. Although mere parking on the wrong side of the street is not of itself consequential, that fact, coupled with the additional circumstances of the truck being parked partially on the sidewalk and the narrow nature of the street, created an issue of negligence properly submitted to the jury. The jury determined that defendants Gallagher and Hertz were negligent and we believe this result should be upheld.

The judgment *non obstante veredicto* entered by the trial judge is reversed and the judgment is entered on the verdict in favor of plaintiffs and against Gallagher and Hertz as rendered by the jury.